## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **REGINALD BOYER,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 23-CV-1192** |
| | : | |
| **DAVE BRUNO,** *et al.*, | : | |
| **Defendants.** | : | |

## <u>MEMORANDUM</u>

**SLOMSKY, J.**                                                          **JULY   17 , 2023**

*Pro se* Plaintiff Reginald Boyer brings this action alleging that he was the victim of

identity theft and social security fraud.  Currently before the Court are Boyer's Complaint (ECF

No. 2), his Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1), and his Motion to

Appoint Counsel (ECF No. 3.)  Because it appears that Boyer is unable to afford to pay the filing

fee, the Court will grant him leave to proceed *in forma pauperis*.  For the following reasons,

Boyer's Complaint will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and

(ii).

## I.     FACTUAL ALLEGATIONS[1]

Boyer named Dave Bruno, Detective Manigualt of the Philadelphia Police Department,

and the City of Philadelphia as Defendants in this action arising from his claims of identity theft

and social security fraud.  Boyer asserts that in November of 2021[2] he sought temporary

---

[1]  The facts set forth in this Memorandum are taken from the Complaint (ECF No. 2), as well as
the Exhibits (ECF No. 2-1) attached thereto.  The Court adopts the pagination supplied by the
CM/ECF docketing system.

[2]  Boyer asserts that the medical diagnosis that prompted him to seek temporary disability
insurance benefits occurred on November 24, 2022.  (ECF No. 2-1. at 3.)  Based on the
chronology of Boyer's remaining allegations, it appears that his diagnosis actually occurred in
2021.

disability insurance benefits through the New Jersey Department of Labor and Workforce Development Division ("NJDOL").  (ECF No. 2-1. at 3.)[3]  According to Boyer, the NJDOL sent him a "Request to Claimant for Information" on January 14, 2022 that asked for Boyer's last day of employment with Dave Bruno Precision Rifle ("DBPR").  (*Id.* at 4.)  Boyer claims that he sent an affidavit to the NJDOL on February 7, 2022 declaring that he had never worked at DBPR and that someone else had used his name and information to obtain employment there.  (*Id.* at 5-6.)  Boyer contends that on March 14, 2022 he wrote to the NJDOL and requested all information the NJDOL "sent or received from" DBPR "concerning [Boyer's] alleged employment there."  (*Id.* at 9-10.)  The NJDOL responded by letter dated May 31, 2022 to Boyer's "correspondence regarding wages being reported to [his] Social Security Number" and explained that the Department had it "on record that wages [had] been reported from Dave Bruno Precision Rifles from October of 2020 through March of 2022."  (*Id.* at 45; *see also id.* at 11.)

Boyer contends that he made multiple attempts throughout 2022 and 2023 to bring legal action against Dave Bruno arising from his use of Boyer's identity and social security number. For example, Boyer asserts that he filed a police report on February 18, 2022 with the Philadelphia Police Department.  (*Id.* at 9.)  Boyer also claims that he called DBPR on June 3, 2022 "to speak with someone about [his] social security number being used" by DBPR.  (*Id.* at 12.)  Boyer also alleges that he filed a complaint with the Federal Trade Commission in Washington, D.C. on or about September 16, 2022 and also sent "another Complaint" to

---

[3] In screening Boyer's Complaint pursuant to § 1915(e)(2)(B), the Court may properly consider these exhibits.  *See Harris v. U.S. Marshal Serv.*, No. 10-328, 2011 WL 3607833, at *2 (W.D. Pa. Apr. 6, 2011), *report and recommendation adopted as modified*, 2011 WL 3625136 (W.D. Pa. Aug. 15, 2011) ("In addition to the complaint, courts may consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case in disposing of a motion to dismiss under Rule 12(b)(6), and hence, under the screening provisions of the PLRA.") (citing *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1385 n.2 (3d Cir. 1994)).

"www.transunion.com" on December 13, 2022.  (*Id.* at 13, 25.)  Boyer further asserts that he went to the Philadelphia office of the Federal Bureau of Investigation on March 10, 2023 to file a complaint regarding Bruno using his identity.  (*Id.* at 30.)

Sometime in the spring of 2022, Boyer followed up with the Philadelphia Police Department regarding the police report he filed February 18, 2022.  (*Id.* at 16, 24.)  Boyer alleges that he specifically went to the police district to see Detective Manigault, and when Manigault was not there, Boyer called back the next day.  (*Id.* at 16.)  Boyer claims that when he spoke to Manigualt on the phone he "expressed . . . that Dave Bruno [was] using [his] identity" and let Manigualt know that Bruno was located in Dayton, Pennsylvania.  (*Id.*)  Boyer asserts that Manigualt informed him that he could not do anything because Bruno was outside of his jurisdiction.  (*Id.*)  Boyer alleges that he pressed Manigualt, asking if Manigualt would call the police station or the district attorney's office in Dayton to have charges filed against Bruno.  (*Id.* at 17.)  When Manigualt said he could not do that, Boyer claims that he called the Armstrong County District Attorney's Office himself and informed the Office that someone living and working in Dayton was illegally using his social security number and his identity without his permission.  (*Id.* at 18.)

Based on these allegations, Boyer seeks compensatory damages of $13.5 million and $32 million in punitive damages.  (Compl. at 4; ECF No. 2-1 at 37.)  Boyer also this Court to "use its subpoena power (in the future) to find out how" Bruno was "able to stay off the 'radar' with the Public Assistance" Office in Philadelphia for so many years.  (ECF No. 2-1 at 15.)  Boyer further requests that the Court issue a search warrant and order that DBPR and all of its occupants be searched to obtain all records under Boyer's name and social security number.  (*Id.* at 39-41, 44.)  Finally, Boyer seeks an order from this Court directing Defendant Manigualt to "issue an arrest

warrant for Dave Bruno and/or the person that is working under [his] SSN and receiving wages." (*Id.* at 39.)

## II.    STANDARD OF REVIEW

The Court will grant Boyer leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.  Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss the Complaint if it is frivolous or fails to state a claim.  A complaint is frivolous under § 1915(e)(2)(B)(i) if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The use of the term "frivolous" in § 1915 "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.*  A claim is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

"At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.  As Boyer is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v.*

*Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III.    DISCUSSION

### A.    Claims Against Dave Bruno

The Court understands Boyer to be asserting claims against Bruno for federal identity theft, pursuant to 18 U.S.C. § 1028, and for social security fraud, pursuant to 42 U.S.C. § 408. (Compl. at 2.)  Criminal statutes, however, generally do not give rise to a basis for civil liability. *See Brown v. City of Philadelphia Off. of Human Res.*, 735 F. App' x 55, 56 (3d Cir. 2018) (*per curiam*) ("Brown alleges that the defendants violated various criminal statutes, but most do not provide a private cause of action.").  Multiple federal courts have explicitly concluded that neither § 1028, nor § 408 provide a private right of action.  *See, e.g.*, *Obianyo v. Tennessee*, 518 F. App'x 71, 72 (3d Cir. 2013) (finding that the district court properly dismissed *pro se* plaintiff's claims because "criminal statutes such as . . . 18 U.S.C. § 1028, which criminalizes fraud related to identification documents, provide no private right of action for use by a litigant such as [plaintiff].")*; Johnson Bene v. Wells Fargo*, No. 22-06782, 2023 WL 4332388, at *5 (N.D. Cal. July 3, 2023) (explaining that "Section 408 is a criminal statute that criminalizes Social Security fraud and does not provide a private right of action.")*; Harris v. Kern Cnty. Sheriffs*, No. 19-0262, 2019 WL 1777976, at *8 (E.D. Cal. Apr. 23, 2019) (noting that "[t]he federal identity theft statute, 18 U.S.C. § 1028, is criminal in nature and provides no private cause of action or civil remedy.")*; Thomas v. Dep't of Child Support Servs.*, No. 18-3236, 2019 WL 1371150, at *5 (C.D. Cal. Jan. 18, 2019), *report and recommendation adopted*, 2019 WL 1364969 (C.D. Cal. Mar. 25, 2019), *aff'd sub nom. Thomas v. Div. of Child Support Servs.*, 19-55454, 2019 WL 5390030 (9th Cir. Sept. 19, 2019) ("Courts, thus, have found Section 408 only establishes criminal penalties and does not provide a basis for a private civil cause of action.")

(collecting cases); *Cogdell v. Cogdell*, No. 17-00795, 2018 WL 705002, at *3 (D. Conn. Feb. 5, 2018) (holding that "'no private cause of action exists' to remedy a violation of section 408" and finding that *pro se* plaintiff could not state a claim for Social Security fraud); *McCray v. UNITE HERE*, No. 13-6540, 2014 WL 3519098, at *7 (D.N.J. July 16, 2014) (explaining that *pro se* plaintiff could not "assert a claim for identity theft under a federal criminal statute, [§ 1028,] as no private right of action exists."); *Garay v. U.S. Bancorp*, 303 F. Supp. 2d 299, 302 (E.D.N.Y. 2004) (recognizing that *pro se* plaintiff's claim under § 1028 was "without merit" and dismissing the claim "because the statute is criminal in nature and provides no private right of action.")

Because there is no private right of action available under § 1028 or § 408, Boyer cannot pursue either his identify theft or social security fraud claims against Bruno through a civil action.  Accordingly, Boyer's claims against Bruno are legally baseless and must be dismissed as frivolous pursuant to § 1915(e)(2)(B)(i).  Because amendment of these claims would be futile, these claims will be dismissed with prejudice.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002) (stating that leave to amend claims dismissed on screening should generally be granted "unless amendment would be inequitable or futile.").

### B.    Claims Against Detective Maniguault

Boyer alleges Detective Maniguault disregarded the "rules and regulations of the Philadelphia Police Department" and complains that Maniguault has done nothing on this case for over a year that after Boyer filed his February 18, 2022 police report.  (ECF No. 2-1 at 22-23; *see also id.* at 36) (". . . Dave Bruno [is] using my identify and Det. Maniguault [is] not doing anything to help me correction this situation.")  Boyer asks this Court to order Maniguault to "issue an arrest warrant for Dave Bruno and/or the person that is working under [his] SSN and receiving wages."  (*Id.* at 39.)  Boyer also asks the Court to issue a search warrant and order that DBPR and all of its occupants be searched in order to obtain all records under Boyer's name and

social security number.  (*Id.* at 39-41, 44.)  The Court understands Boyer to be asserting constitutional claims against Bruno pursuant to 42 U.S.C. § 1983[4] alleging that Maniguault violated his civil rights in when he failed to adequately investigate the allegations that Bruno was committing identify theft and social security fraud with Boyer's information.

Boyer's § 1983 claim against Detective Maniguault is not plausible because "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)(finding that a citizen lacks standing to contest prosecutorial policies "when he himself is neither prosecuted nor threatened with prosecution") (citations omitted); *Lewis v. Jindal*, 368 F. App'x 613, 614 (5th Cir. 2010) ("It is well-settled that the decision whether to file criminal charges against an individual lies within the prosecutor's discretion, and private citizens do not have a constitutional right to compel criminal prosecution.") (citations omitted); *Smith v. Friel*, No. 19-943, 2019 WL 3025239, at *4 (M.D. Pa. June 4, 2019), *report and recommendation adopted*, 2019 WL 3003380 (M.D. Pa. July 10, 2019) (collecting cases and stating "courts have long held that a civil rights plaintiff may not seek relief in civil litigation in the form of an order directing the criminal prosecution of some third parties").

Moreover, to the extent Boyer's claim against Maniguault is premised upon Maniguault's alleged failure to adequately investigation Bruno for identity theft and social security fraud, Boyer's § 1983 claim fails, as there is no free-standing right to a government investigation. *Graw v. Fantasky*, 68 F. App' x 378, 383 (3d Cir. 2003) ("[A]n allegation of a failure to investigate, without another recognizable constitutional right, is not sufficient to sustain a section

---

[4] Section 1983 is the sole vehicle by which federal constitutional claims may be brought in federal court.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).

1983 claim.") (quotations omitted); *see also Boseski v. N. Arlington Municipality*, 621 F. App'x 131, 135 (3d Cir. 2015) (*per curiam*) ("Boseski has no cognizable claim against a government entity for its failure to investigate or bring criminal charges against another individual."); *Sanders v. Downs*, No. 08-1560, 2010 WL 817475 at *5 (M.D. Pa. Mar.9, 2010) (dismissing plaintiff's claim that police defendants failed to adequately investigate thefts at his home, since "[t]here is no statutory or common law right, much less a constitutional right, to [such] an investigation") (quoting *Fuchs v. Mercer Cnty.,* 260 F. App'x 472, 475 (3d Cir. 2008) (alterations in the original); *Nedab v. Lencer*, No. 06-54, 2007 WL 853595 at *3 (W.D. Pa. Mar. 20, 2007) (plaintiff lacked standing to assert constitutional violation premised on state police officer's alleged failure to investigate and file criminal charges related to assault against plaintiff).  Boyer cannot state a plausible claim against Detective Manigualt under § 1983 based on his alleged failures to investigate or prosecute Bruno's for his purported crimes.  Accordingly, his claims against Manigualt will be dismissed with prejudice pursuant to § 1915(e)(2)(B)(ii) for failure to state a claim as amendment would be futile.

### C.      Claims Against the City of Philadelphia

Finally, Boyer named the City of Philadelphia as a Defendant, which the Court will liberally construe as an attempt to bring a claim for municipal liability under *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978) (local governments are not liable under § 1983 "for an injury inflicted solely by [their] employees or agents," but are liable if a municipal custom or policy caused the plaintiff's injury).  Boyer's claims against the City of Philadelphia appear to stem from his dissatisfaction with Defendant Manigualt's failure to adequately investigate his allegations against Bruno after he filed a police report.  (*See* ECF No. 2-1 at 23) ("No one is making sure that Detectives follow [the] rules (procedures) when it comes to police reports.  (At least not in my case, it has been over a year!  Nothing has been done."); (*see also id*. at 37-38)

(seeking damages from the Philadelphia Police Department based on the "agony" Boyer "suffered at the hands of" Detective Manigualt and for the City's "lack of transparency in monitoring the conduct of their police officers, detectives, etc.").

To plead a basis for municipal liability under § 1983, a plaintiff must allege that the municipality's policy or custom caused the violation of his constitutional rights. *See Monell*, 436 U.S. at 694. "To satisfy the pleading standard, [the plaintiff] must . . . specify what exactly that custom or policy was." *McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009). "'Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict.'" *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (quoting *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990)). "'Custom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law.'" *Id.* (quoting *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990)). A plaintiff alleges that a custom was the proximate cause of his injuries by demonstrating that the defendant "had knowledge of similar unlawful conduct in the past, failed to take precautions against future violations, and that its failure, at least in part, led to his injury." *Id.* (internal quotations and alterations omitted). Alternatively, a plaintiff may also state a basis for municipal liability by "alleging failure-to-supervise, train, or discipline . . . [and alleging facts showing] that said failure amounts to deliberate indifference to the constitutional rights of those affected." *Forrest v. Parry*, 930 f.3d 93, 106 (3d Cir. 2019). "This consists of a showing as to whether (1) municipal policymakers know that employees will confront a particular situation, (2) the situation involves a difficult choice or a history of employees mishandling, and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights." *Id.*

Boyer has failed to plead sufficient facts to state a plausible *Monell* claim. He does not specify the exact custom or policy that he alleges resulted in a violation of his constitutional rights, s*ee McTernan*, 564 F.3d at 658, nor does he allege adequate facts to demonstrate that the City failed to supervise, train, or discipline Detective Manigualt in a manner that amounts to deliberate indifference. *See Forrest*, 2019 WL 2998601, at *8. Moreover, as set forth above, Boyer does not allege a plausible violation of his constitutional rights based on the investigation, or lack thereof, conducted by Manigualt. Accordingly, Boyer's Complaint fails to state a plausible claim against the City of Philadelphia and will be dismissed with prejudice pursuant to § 1915(e)(2)(B)(ii) as it appears amendment would be futile.

IV.     **CONCLUSION**

For the foregoing reasons, the Court will grant Boyer leave to proceed *in forma pauperis* and dismiss his claims with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) as frivolous and for failure to state a claim. Boyer's Motion for Appointment of Counsel is denied without prejudice. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (in determining whether appointment of counsel is appropriate, the Court should first determine whether plaintiff's lawsuit has a legal basis). An appropriate Order follows.

**BY THE COURT:**

/s/ Joel H. Slomsky
**JOEL H. SLOMSKY, J.**